### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

**KENDRICK LAMAR WILLIAMS, # 156679**                                **PETITIONER**

**V.**                                                    **NO. 5:16cv84-KS-RHW**

**MARSHALL FISHER**                                              **RESPONDENT**

### REPORT AND RECOMMENDATIONS

Before the Court are [1] the Petition for Writ of Habeas Corpus filed September 27, 2016[1]

by Kendrick Lamar Williams pursuant to 28 U.S.C. § 2254, and [9] Respondent's motion to

dismiss the petition filed December 13, 2016.  Petitioner has filed no response to the motion to

dismiss.  Having considered the pleadings, exhibits, records on file, briefs and arguments of the

parties, and the relevant legal authority, the undersigned United States Magistrate Judge is of the

opinion that the motion should be granted and Petitioner's request for federal habeas relief,

dismissed.

### Facts and Procedural History

Petitioner Kendrick Lamar Williams, inmate # 156679, is lawfully in custody of the

Mississippi Department of Corrections (MDOC) and presently incarcerated at the Mississippi

State Penitentiary at Parchman, Mississippi.  On February 24, 2010, Williams was convicted by a

jury in the Circuit Court of Pike County, Mississippi of armed robbery and aggravated assault,

and sentenced to serve life imprisonment for the former and twenty years for the latter.  [9-1]

Williams appealed, and on August 23, 2011, the Mississippi Court of Appeals affirmed the

---

[1]The original petition was unsigned.  Pursuant to Order [3] of the Court, Williams signed
signature page of his complaint and declared under penalty of perjury that he placed the petition in the
prison mailing system on September 22, 2016.  [4]

convictions and sentences. *Williams v. State*, 81 So.3d 1165 (Miss. App. 2011), *reh'g denied*, December 6, 2011, *cert. denied*, March 8, 2012. [9-2] The United States Supreme Court denied Williams' petition for certiorari on October 1, 2012. [9-3] Williams' judgment was then final, and the statute of limitations for filing a federal habeas claim began to run. *See U.S. v. Thomas*, 203 F.3d 350, 356 (5th Cir. 2000) ("a federal conviction becomes final for purposes of AEDPA's one-year limitation period when the Supreme Court denies the petition for writ of certiorari); *Giesberg v. Cockrell*, 288 F.3d 268 (5th Cir. 2002) ("state conviction was rendered final on the date the Supreme Court denied certiorari"). Nowhere in his 29-page petition does Williams allege he ever filed a post-conviction motion in the state court; Respondent states the records of the Mississippi Supreme Court Clerk's Office do not reflect that Williams filed any application for post-conviction relief;[2] and Williams' own petition states he did not raise the grounds presented in any post-conviction motion in state court. [1, ¶ (d)(1) on pp. 8, 9, 23, 24] Williams states he "didn't know that [he] could seek redress thru post-conviction." [1, p. 13, ¶ 13] Ignorance of the law does not excuse Williams' late filing.

> That ignorance of the law is insufficient is, in fact, supported by the language of § 2244(d)(2). In that tolling provision, Congress provided that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2). The "properly filed" limitation indicates that Congress does not view ignorance of the law as a sufficient reason for tolling, for a "properly filed" petition would be one that was filed within any statute of limitations the state imposes. *See Villegas v. Johnson,* 184 F.3d 467, 469 (5th Cir.1999).

*Felder v. Johnson*, 24 F.3d 168, 171-173 (5th Cir. 2000).

---

[2]A state post-conviction motion must be filed within three years after the petitioner's direct appeal is ruled upon by the Mississippi Supreme Court. MISS. CODE ANN. § 99-39-5. Where a conviction and sentence have been affirmed on appeal, the petitioner must first present his post-conviction motion to the Mississippi Supreme Court and obtain leave from that court to file his motion in the trial court. MISS. CODE ANN. § 99-39-7.

<u>Law and Analysis</u>

Respondent urges dismissal of Williams' habeas petition as untimely filed in violation of

the one-year statute of limitations set out in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus
> by a person in custody pursuant to the judgment of a State court.  The limitation period
> shall run from the latest of -
>
>> (A) the date on which the judgment became final by the conclusion of direct
>> review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State
>> action in violation of the Constitution or laws of the United States is removed, if
>> the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by
>> the Supreme Court, if the right has been newly recognized by the Supreme Court
>> and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could
>> have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or
> other collateral review with respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation under this subsection.

Federal courts are required under § 2244(d)(2) to toll the time during which a properly filed state

post-conviction application is pending. *Flanagan v. Johnson*, 154 F.3d 196, 199, n.1 (5th Cir.

1998).  A post conviction application is properly filed "when its delivery and acceptance are in

compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8

(2000).  An application for state post-conviction relief which is filed outside the limitations

period does not affect the one-year time-bar for federal habeas relief and does not toll the

limitation period under § 2244(d)(2).  *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("state

habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed

until *after* the period of limitation had expired").

Williams' conviction became final October 1, 2012, the day the U.S. Supreme Court

denied certiorari.  Absent a "properly filed" post-conviction application to toll the limitations

period, or some "rare and exceptional" circumstances to warrant equitable tolling, Williams' time

for filing a federal habeas petition expired October 1, 2013. Under the "mailbox rule," Williams'

federal habeas petition is deemed filed on the date that he delivered the petition to prison officials

for mailing to the district court. *Coleman v. Johnson*, 184 F.2d 398, 401, *reh'g and reh'g en*

*banc denied*, 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S. Ct. 1564, 146

L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). Williams has

declared under penalty of perjury that he delivered his habeas petition to prison officials for

mailing on September 22, 2016, almost three years beyond the limitations period for filing.

Williams has presented no "rare and exceptional" circumstances to warrant any equitable

tolling of the limitations period. The doctrine of equitable tolling "applies principally where the

plaintiff is actively misled by the defendant about the cause of action or is prevented in some

extraordinary way from asserting his rights." *Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir.

1999). *See also Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (quoting *Davis v.*

*Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999)); *In re Wilson*,

442 F.3d 872, 875 (5th Cir. 2006) (citing *Felder*, 204 F.3d at 174) ("failure to satisfy the statute of

limitations must result from external factors beyond [the petitioner's] control; delays of the

petitioner's own making do not qualify"). To be entitled to equitable tolling, the petitioner must

show he has been pursuing his rights diligently, and that some extraordinary circumstance

prevented him from timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, (2005). It is the

petitioner's burden to establish that he is entitled to equitable tolling, and he must show "rare and

exceptional circumstances" to warrant such tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629

(5th Cir. 2002). Williams has not met that burden, and the undersigned is of the opinion that his

petition should be dismissed as untimely filed.

## RECOMMENDATION

Based upon the foregoing, the undersigned United States Magistrate Judge recommends that the motion to dismiss be granted, and Williams' motion be dismissed as untimely filed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3), *L.U.Civ.R.,* a party has 14 days after being served a copy of this Report and Recommendation to serve and file written objections to it.  Objections must be filed with the clerk of court, served upon the other parties and submitted to the assigned District Judge.  Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection.  An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections.  A party who fails to timely file written objections shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he/she did not object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 20th day of March, 2017.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE